# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | Case No. 2:15-cv-01373-APG-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 39, 40, 41) |
| SEVEN HILLS MATTER COMMUNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court are Counter-claimant SFR Investments Pool 1, LLC's ("Counter-claimant SFR") motion to amend the case caption (Docket No. 39), motion for an extension of time to serve Cross-claimant Valorie Holcomb (Docket No. 40), and motion for leave to serve her by publication (Docket No. 41). The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to amend (Docket No. 39) is hereby **GRANTED**, the motion for leave to serve by publication (Docket No. 40) is **GRANTED**, and the motion to extend (Docket No. 41) is **GRANTED**.

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally

disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Counter-claimant SFR has diligently attempted to locate Cross-claimant Holcomb to enable service. *See* Docket No. 41-1 (affidavit detailing service attempts). Counter-claimant SFR has made inquiries into local phone records, voter registration records, property records, motor vehicle records, and national databases. *Id.*, at 2, 4. Many of these data suggest Cross-claimant Holcomb's address is 4797 Ravello Dr., Sparks, NV 89436. Counter-claimant SFR attempted to serve Cross-claimant Holcomb at this address six times. *Id.*, at 3. The Court will therefore permit Counter-claimant SFR to serve Cross-claimant Holcomb by publication. Because service by publication takes several weeks, the Court will also extend the service deadline.

. . . .

. . . .

Accordingly, the Court **GRANTS** the motion for service by publication. Docket No. 41. The Court **GRANTS** the request for extension of the Rule 4(m) deadline. Docket No. 40. The Court extends the Rule 4(m) deadline to January 29, 2016. Counter-claimant SFR shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

      (a)    Serve Cross-claimant Holcomb by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

      (c)    After publication is complete, Counter-claimant SFR shall file an Affidavit of Publication from the Nevada newspaper.

Further, for good cause shown, Cross-claimant Holcomb's motion to amend the caption of its counter claim from its erroneous spelling of "Valerie Holcomb" to the correct spelling of "Valorie Holcomb" is hereby **GRANTED**. Docket No. 39. The Court clerk shall alter the caption accordingly.

IT IS SO ORDERED.

DATED: December 7, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge