UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Plaintiff(s),<br><br>vs.<br><br>SEVEN HILLS MASTER COMMUNITY ASSOCIATION, et al.,<br><br>    Defendant(s). | Case No. 2:15-cv-01373-APG-NJK<br><br>ORDER<br><br>(Docket No. 72) |

   Pending before the Court is Plaintiff's Emergency Motion to Strike Supplemental Disclosures or, alternatively, Motion to Reopen Discovery. Docket No. 72. Defendant SFR Investments Pool 1, LLC ("SFR") filed a response, and Plaintiffs filed a reply. Docket Nos. 74, 75. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons that follow, Plaintiff's Motion to Strike Supplemental Disclosures is **GRANTED**.

**I. BACKGROUND**

   This a homeowners association ("HOA") lien priority case involving, *inter alia*, the issue of whether an HOA foreclosure extinguishes a super-priority lien. Docket No. 72 at 2, 4. Discovery closed in this case on March 31, 2016. Docket No. 66 at 1. That evening, SFR produced a supplemental disclosure containing legal articles discussing HOA foreclosure sales. Docket No. 72 at 2; *see also* Docket No. 72-2 (disclosure). The articles predate the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (2014). SFR contends these articles predict the holding of *SFR Investments Pool 1* and "acknowledge[] that an [HOA's] foreclosure of its super-priority

lien could 'wipe out' a lender's first deed of trust." Docket No. 74 at 4 (citing Docket No. 72-2 at 18-19). SFR plans on using these documents to rebut Plaintiff's argument that "no one would expect that [a HOA] lien could destroy a first deeds of trust[.]" *Id*.

On April 12, 2016, Plaintiff filed the present motion, arguing that these disclosures should be stricken as untimely under Federal Rule of Civil Procedure 37(c)(1).[1]  Docket No. 72 at 3-4. Alternatively, Plaintiff requests that the Court reopen discovery to permit Plaintiff to allow the deposition of SFR regarding these documents. *Id*. at 5.

## I.     STANDARD

Rule 26(a)(1)(A) requires parties to make initial disclosures "without awaiting a discovery request." Rule 26(a)(1)(A)(ii) requires a party to disclose "a copy – or a description by category and location – of all documents . . . that the disclosing party . . . may use to support its claims or defenses, unless the use would be solely for impeachment." A primary purpose of this requirement is "not merely to apprise the opposing party of the existence of documents; it is to tell the opposing party which documents may be used at trial." *Robert Kubicek Architects & Associates, Inc. v. Bosley*, 2013 WL 998222 at *1 (D. Ariz. Mar. 13, 2013). "A document used 'solely for impeachment' within the meaning of the rule is a document which has value solely for the purpose of impeaching a witness." *Robert Kubicek Architects & Associates, Inc.*, 2013 WL 998222 at *2. "If the document has independent relevancy to the merits of the case, the document is not "solely for impeachment" and must be disclosed to opposing counsel." *Id*. (citations omitted). The requirements of Rule 26(a)(1)(A) are "the functional equivalent of a standing Request for Production under Rule 34." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 661 (D. Nev. 2015).

A party must supplement its initial disclosures or responses to discovery requests in "a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

2

parties during the discovery process or in writing."[2] *Id*. (citing Rule 26(e)(1)). "A party facing sanctions under Rule 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or incorrect responses bears the burden of establishing that its failure to disclose the required information was substantially justified or is harmless." *Id*.

## II. DISCUSSION

SFR argues that it timely disclosed the articles and contends that Plaintiff's argument relies on a misconception regarding the relevancy of these documents. Docket No. 74 at 3-4. Because SFR plans on using these documents to rebut Plaintiff's characterization of Nevada law before *SFR Investment Pools 1*, SFR asserts these documents were not responsive to Plaintiff's earlier discovery requests and, therefore, were timely disclosed. *Id*. at 5. SFR also highlights that these documents were publicly available. *Id.* at 3.

Plaintiff replies that, although SFR has long been aware of these documents and has disclosed them in other cases, SFR improperly delayed until the last day of the discovery period to disclose them in this case. Docket No. 75 at 4. It submits that this delay prevented it from gathering information to support its own view of Nevada law before *SFR Investment Pools 1*. *Id*. at 3.

The Court finds that SFR failed to supplement its initial disclosures in a timely manner. SFR seeks to use these articles to support its claim regarding the status of pre-*SFR Investment Pools 1* law. Rule 26(a)(1)(A)(ii) therefore required their disclosure. SFR's argument that these documents were publicly available is misguided, as the public availability of the documents did not place Plaintiff on notice that SFR would seek to use them in the instant case. SFR's last day disclosure undermined Plaintiff's ability "to meet the disclosed documents at trial." *Robert Kubicek Architects & Associates, Inc.*, 2013 WL 998222, at *1. The documents' public availability is inapposite.

---

[2] SFR's submits that the articles at issue have been attached to "SFR's briefs." Docket No. 74 at 2. SFR does not, however, provide those briefs or citations to them. It appears that SFR is referencing motion practice in other cases. *Id*. at 6 (discussing disclosure in other cases). "[I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for parties." *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013). Thus, the Court does not reach the issue of whether these alleged disclosures in other cases obviate SFR's duty to supplement.

SFR's characterization of these documents as rebuttal evidence also does not excuse their non-disclosure. Rebuttal is not synonymous with impeachment, and these articles have independent relevancy to the merits of the case. As SFR explains, they show that, at the time of sale, "SFR . . . thought . . . that [a] HOA's super priority lien is prior to the First Deed of Trust" and that financial institutions, like Plaintiff, "were also aware, at the very least, of the possibility." Docket No. 74 at 4. Therefore, the articles do not fall within the "solely for impeachment" exception in Rule 26(a)(1)(A)(ii).

Rule 26(e) does not specifically mandate when supplements must be disclosed, only that they must be done "in a timely manner." Timing is "gauged in relation to the availability of the supplemental information, and not merely based on whether the information was provided after the discovery deadline." *Calvert v. Ellis*, 2015 WL 631284 at *3 (D. Nev. Feb. 12, 2015) (citing *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, 2010 WL 3829219 at *3 (D. Nev. Sept. 24, 2010)). Here, the information was available prior to the inception of this case. SFR served its initial disclosures on September 21, 2015. Docket No. 30 at 2. Meanwhile, SFR "determined that it was prudent to start disclosing certain legal articles" in other cases. Docket No. 74 at 4. It was not until March 31, 2016, however, that SFR disclosed the articles in this case. Although these articles were available to SFR during the entire discovery period, SFR waited until the day of the discovery cut-off to disclose them. Consequently, the Court finds that this disclosure was untimely. *See Calvert*, 2015 WL 631284 at *3 (finding that disclosures untimely despite disclosure within discovery deadline).

The Court turns to Rule 37(c) determine if SFR's failure to timely disclose this information was substantially justified or harmless. SFR argues that Plaintiff has not established it "would be prejudiced in any way by these TIMELY disclosures[.]" Docket No. 74 at 3 (emphasis in original). This argument misstates SFR's burden. The Ninth Circuit has made clear that the burden of establishing harmlessness rests on the non-complaint party. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). Due to this misconception, SFR has failed to carry its burden. Nonetheless, the Court is unpersuaded that SFR's attempt to inject a new issue into this case on the last day of discovery was harmless.

//

//

4

## III. CONCLUSION

For the reasons more fully discussed above, Plaintiff's Motion to Strike Supplemental Disclosures, Docket No. 72, is **GRANTED**. Plaintiff's alternative request to reopen discovery is therefore **DENIED** as moot.

IT IS SO ORDERED.

DATED: April 25, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge