# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>SEVEN HILLS MASTER COMMUNITY, et al.,<br><br>    Defendants | Case No.: 2:15-cv-01373-APG-NJK<br><br>**Order (1) Granting Deutsche and Nationstar's Motion for Summary Judgment; (2) Granting in part SFR's Motion for Summary Judgment; and (3) Dismissing Deutsche's Damages Claims as Moot**<br><br>[ECF Nos. 104, 105] |

Plaintiff Deutsche Bank National Trust Company (Deutsche) sues to determine whether its deed of trust encumbering property located at 1444 European Drive in Henderson, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Seven Hills Master Community (Seven Hills). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Deutsche seeks a declaration that its deed of trust still encumbers the property and it asserts damages claims against Seven Hills. SFR counterclaims and crossclaims to quiet title in itself.[1]

Deutsche and cross-defendant Nationstar Mortgage, LLC move for summary judgment. SFR also moves for summary judgment. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Deutsche and Nationstar's motion and deny in part SFR's motion because no genuine dispute remains that Deutsche's predecessor tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Deutsche's damages claims against Seven Hills because

---

[1] SFR also filed a slander of title claim, but it abandoned that claim. ECF No. 105 at 3.

those claims were pleaded in the alternative to the declaratory relief claim. I grant SFR's motion in part to quiet title in SFR vis-à-vis the prior homeowner, Valorie Holcomb.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Deutsche's Declaratory Relief Claim**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must be either "unconditional, or with

conditions on which the tendering party has a right to insist." *Id.* at 118.

Deutsche has met its burden of establishing that its predecessor, Bank of America, N.A. (BANA), tendered the superpriority amount in full. The monthly HOA assessment was $50 per month. ECF Nos. 104-9 at 12; 104-10 at 3. Prior to the HOA foreclosure sale, BANA tendered $450 to Seven Hills' foreclosure agent, Leach Johnson Song & Gruchow (Leach), to cover the superpriority amount of nine months of assessments. ECF Nos. 104-9 at 14-16; 104-11. Leach received the check. ECF No. 104-11. SFR has presented no contrary evidence. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

*1. Evidentiary Challenge*

SFR argues that Deutsche cannot rely on Doug Miles' affidavit because Deutsche did not disclose him as a witness in discovery. Deutsche responds that it disclosed that it was relying on the Rule 30(b)(6) witness from Miles Bauer and provided the affidavit, so it disclosed the relevant witness and SFR is not prejudiced.

SFR's position is difficult to understand given that Deutsche attached Miles' declaration to a prior motion for summary judgment in this case. ECF No. 77-11; *see also* ECF No. 113-1 (Deutsche and Nationstar's third supplement to initial disclosures dated March 2016 disclosing person most knowledgeable from Miles Bauer and disclosing Miles' affidavit). SFR thus had known about Miles and the content of his declaration for three years by the time the second round of summary judgment briefing took place.

/ / / /

3

### 2. Standing

SFR contends that Deutsche lacks standing to enforce the note and deed of trust because it has not produced the original note or proof of the assignment to Deutsche. It also argues Deutsche must establish that the note and deed of trust have been reunified through valid transfers to Deutsche. Deutsche responds that it does not seek to enforce the note in this action so arguments about the note are irrelevant. Deutsche contends it is undisputed that it is the beneficiary of record for the deed of trust and SFR has presented no evidence to the contrary.

The question in this case is not whether Deutsche could presently foreclose. The question is whether Deutsche has a sufficient interest in the deed of trust that it has standing to seek declaratory relief as to the deed of trust's continuing validity. Deutsche is the beneficiary of record. ECF No. 104-4. SFR has presented no contrary evidence. Deutsche therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property. SFR's contention that some documents in other cases have been shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

### 3. Impermissible Conditions

SFR contends Nevada Revised Statutes Chapter 116 precluded the HOA from entering into a contract with BANA through acceptance of the Miles Bauer tender that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. Deutsche

responds that the Supreme Court of Nevada has already found an identical Miles Bauer letter to be a valid tender. Additionally, Deutsche notes that arguments about maintenance or nuisance abatement charges are irrelevant because there is no evidence of these types of charges related to this property and any such charges arising later would not be part of the superpriority lien unless the HOA filed a new notice of delinquent assessment lien.

The Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, Seven Hills "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs.,*

5

*LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default).

### 4. *Equities and Bona Fide Purchaser*

SFR argues that even if BANA tendered the superpriority amount, I still must balance the equities before setting aside the sale, which would include evaluating SFR's bona fide purchaser status. Deutsche responds that because the tender extinguished the superpriority lien as a matter of law, I should not balance the equities or consider SFR's status as a bona fide purchaser. Alternatively, Deutsche argues that if I do, I should rule in its favor because BANA tendered, Leach wrongfully rejected tender, and the sale price was grossly inadequate.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). SFR has not pointed to a single case where, after finding valid tender, the Supreme Court of Nevada then engaged in a balancing of the equities. Instead, that court has consistently held that tender voids the sale as to the deed of trust by operation of law and as a result bona fide purchaser status is irrelevant, and it has engaged in no further inquiry or balancing.

6

Finally, Deutsche "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Deutsche's predecessor satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

### 5. *Summary on Declaratory Relief*

In sum, Deutsche has met its initial burden at summary judgment of showing no genuine dispute remains that BANA tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

**B. Deutsche's Damages Claims**

Deutsche's damages claims against Seven Hills were pleaded in the alternative to its declaratory relief claim. ECF No. 2 at 12-13. I therefore dismiss them as moot.

**C. SFR's Quiet Title Claim**

SFR moved for judgment as to Deutsche and Holcomb. ECF No. 105 at 1-2. Holcomb was served by publication in 2016. ECF No. 55. She has not appeared in the case and did not respond to SFR's motion. She therefore has not pointed to evidence that would (1) counter SFR's evidence and the presumption that the HOA sale was properly conducted, (2) overcome the presumption in favor of SFR as titleholder of record, or (3) otherwise support setting aside

////

the sale as to her. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Consequently, I grant SFR's motion as to Holcomb.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Deutsche Bank National Trust Company and cross defendant Nationstar Mortgage, LLC's motion for summary judgment **(ECF No. 104) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Deutsche Bank National Trust Company, as Trustee for Holders of the Harborview 2006-5 Trust and cross-defendant Nationstar Mortgage LLC and against defendant/cross claimant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on May 22, 2014 did not extinguish the deed of trust, and the property located at 1444 European Drive in Henderson, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Deutsche Bank National Trust Company's damages claims against defendant Seven Hills Master Community Association **are DISMISSED as moot**.

I FURTHER ORDER that defendant/cross claimant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 105) is GRANTED in part**. The clerk of court is instructed to enter judgment in favor of defendant/cross claimant SFR Investments Pool 1, LLC and against cross defendant Valorie Holcomb as follows: It is declared that the homeowners association foreclosure sale conducted on May 22, 2014 extinguished all right, title, or interest that cross defendant Valorie Holcomb had in the property located at 1444 European Drive in Henderson, Nevada, and defendant/cross claimant SFR Investments Pool 1, LLC has superior title over Valorie Holcomb with respect to that property.

/ / / /

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE